ALICE SAMUEL et al., as Executors of EDMUND W. SAMUEL, Deceased, Respondents, *v.* EDGAR R. BASTRESS et al., as Executors of JOHN E. BASTRESS, Deceased, et al., Appellants.

(Argued March 5, 1935; decided April 23, 1935.)

*M'Cready Sykes, George L. Shearer* and *Sidney A. Clarkson* for Edgar R. Bastress et al., as executors of John E. Bastress, deceased, et al., appellants.

*Sidney A. Clarkson* for E. C. Dillon Construction Co., Inc., appellant.

*Bradford Butler* for respondents.

Finch, J. The action was begun by Edmund W. Samuel against John E. Bastress and the five corporate defendants. Mr. Bastress died before the trial, and Mr. Samuel after the trial, and their respective executors were duly substituted. On the trial it was conceded that the corporate defendants, other than Dillon Construction Company, were owned and controlled by the defendant Bastress and that Bastress was in control of the executive officers and boards of directors of such corporate defendants other than Dillon Construction Company.

The court at Special Term dismissed the complaint on the merits. The Appellate Division reversed and directed a money judgment in an amount found upon an accounting by an official referee. From this judgment the present appeal is taken.

Because the issues are of fact, it would unduly lengthen this opinion to set forth and properly appraise all the

evidence bearing on these issues. Suffice it to say that not only was there no evidence sustaining the finding of the Appellate Division that the parties entered into a joint adventure on January 15th but that the admitted evidence shows that on January 26th and on April 14th it was set forth, in conceded writings between the parties, that Samuel was to have a pecuniary interest in certain building transactions and real estate deals but that the nature of the terms had not then been definitely arrived at. In the written receipt for the bonds loaned, the parties agreed to arrive definitely at this agreement and specifically write it out during the month of January, but it appears as late as April 14th the terms were not only not specifically written out but had not even then been determined. If the parties were to be equal partners, it would not have taken much verbal discussion to have arrived definitely at such an agreement. The agreement found to exist by the Appellate Division on the 15th of January is thus belied by the documents in the case. Furthermore, the express protection of Samuel against loss, added to the absence of any evidence showing his control or direction in the enterprise, together with the identification of his bonds as his individual property, as a specific loan, all tend to negative the theory of any general joint venture between Samuel and Bastress.

There is, moreover, a lack of evidence sufficiently clear and definite to satisfy a trier of the facts that the parties ever came to a definite agreement as to their respective interests.

It follows that the judgments of the Appellate Division should be reversed and the judgment of the trial court affirmed, with costs in this court and in the Appellate Division to defendants-appellants. Appeal by plaintiffs-appellants dismissed without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN and LOUGHRAN, JJ., concur; HUBBS and CROUCH, JJ., dissent.

Judgment accordingly.